IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

QBE INSURANCE CORPORATION                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:07CV007-B-A

EUBANKS AND BAILEY INVESTMENT
CORPORATION A/K/A EBI, INC.,
JEFFREY L. PERKINS AND JOY L. PERKINS,
ROBERT BAILEY AND ANNICE KYLE                                              DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the plaintiff's motion for summary judgment. Upon due consideration of the motion, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, QBE Insurance Corporation (QBE), brings this action seeking a declaration from the court that it has no liability or responsibility to indemnify or defend the defendants in an underlying action for breach of contract, fraudulent misrepresentation, and various other claims brought by Jeffrey and Joy Perkins against Eubanks and Bailey Investment Corporation (EBI), Robert Bailey, and Annice Kyle.

In August 2002, EBI, a real estate development company, acquired titles to certain lots in the Fountain Gate Subdivision in Hernando, Mississippi. EBI listed Lot 39 of the subdivision for sale with defendant Annice Kyle, a real estate agent in the area. Defendants Jeffrey and Joy Perkins, through their custom homebuilder, B&G Homebuilders, Inc., purchased Lot 39 and built a home. The Perkins subsequently acquired title and assumed possession of the property on July 15, 2005. After the Perkins took possession of the property, they discovered that a lake on the

property was to be drained and a large sewer pipeline constructed in the drained lake bed. Large vents were to be placed at intervals along the pipeline to release sewer gases into the air. The Perkins also learned that the sewer project had been years in the making and was well known to everyone in the area, including EBI and Kyle.

The Perkins filed a complaint in the County Court of DeSoto County, Mississippi, on June 14, 2006, alleging that they would not have purchased Lot 39 and built their home thereupon had they known about the sewer project. The Perkins assert that the property is permanently diminished in value due to the project.

Prior to the lawsuit, on March 13, 2006, EBI purchased from the plaintiff, QBE, a commercial general liability (CGL) policy. EBI made a claim with QBE for indemnity and defense for the Perkins litigation under the CGL policy. QBE subsequently filed this action seeking declaratory relief as outlined above and has now moved for summary judgment.

Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324,

2

106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Analysis

The QBE CGL policy issued to EBI provides in relevant part as follows:

(a) We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .

(b) This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

The QBE policy defines "property damage" as:

(a) Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

(b) Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

QBE argues that the damages sought by the Perkins in the underlying complaint do not constitute "property damage" as defined by the QBE policy and Mississippi law. In *Audubon Ins. Co. v. Stefancik*, 98 F. Supp. 2d 751, 756 (S.D. Miss. 1999), a CGL insurer sought a declaratory judgment of non-coverage as to an intentional tort action against individual directors, officers,

3

and shareholders of the insured corporation. The court found that the only injuries alleged were financial losses. *Stefancik*, 98 F. Supp. 2d at 756. Because the insurance policy at issue defined "property damage" in terms of "tangible property," as does QBE's policy in the present case, the court found that "property damage" as defined by the policy had not been alleged. According to the court, "[p]urely pecuniary or economic losses are not 'property damage.'" *Id.*

EBI claims that the Perkins experienced a "loss of use" of their lake and that such loss constitutes "property damage" within the meaning of the policy. QBE argues, however, that the Perkins are not seeking damages for the loss of use of their lake but rather damages based on the diminution of their property value due to the impending sewer project. A close inspection of the Perkins' complaint reveals that QBE's characterization of the damages sought is accurate. Nowhere in the complaint do the Perkins mention the loss of use of their lake. Because the Perkins seek "purely pecuniary or economic losses," they have not alleged "property damage" as contemplated by the CGL policy. For this reason, the court finds that EBI is not covered by the QBE policy in regard to the Perkins litigation, and QBE is entitled to judgment as a matter of law.

QBE sets forth other arguments against coverage, including its position that there is no "occurrence" as defined by the QBE policy and Mississippi case law. Because the "property damage" issue addressed above is dispositive, the court does not address QBE's remaining arguments.

Conclusion

For the foregoing reasons, the court finds that QBE's motion for summary judgment is well taken and shall be granted. An order in accord with this opinion shall issue this day.

This, the 31st day of March, 2008.

/s/ Neal Biggers

_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**